UNITED STATES COURTS
EASTERN DISTRICT OF WISCONSIN
FILED

APR - 3 2026

11:59 PM
AFTER HOURS

**U.S. BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**

In re: Melvin Milivoj Marin, Jr.                   Case No. 26-20540

Debtor.                                             Chapter 13

---

## DEBTOR'S NOTICE OF APPEAL
### AGAINST RULINGS OF MARCH 25, 2026 AND PRIOR DENIALS
### AND
### ISSUES TO BE RAISED ON APPEAL

---

I am the debtor and I appeal against all the decisions of about March 25, 2026 and against all prior denials of my motions.

Because no one filed an opposition to my motions there are no opposing parties to the appeal.

The parties who could have opposed and did not and, therefore, waived opposition forever, include the Chapter 13 Trustee, and all creditors since all of them were served with my motions to continue the stay or to impose the stay.

The bases include but are not limited to these:

(1) the court clearly erred ruling there were two prior dismissals because 1st dismissal order did not dispose of all claims and parties and the 2nd dismissal was vacated by Rule 59;

(2) because the court failed to give reasons why it ruled there were two prior dismissals;

(3) because the court did not explain why the bankruptcy stay did not continue on my's bankruptcy possessory estate whether or not it continued for the my personal capacity in prior actions and in this action, and why the contempt motion for damages was not considered at all in prior actions and in this action, and that was a denial of due process,

(4) because all parties waived objections to my service errors and to my motions, the court denied due process and equal protection and violated judicial canons of impartiality by raising personal defenses of service for parties that did not raise them and ruling on them in favor of those parties who did not seek that relief;

(5) because the court's judgment was internally inconsistent, with the minutes showing the court demanded I show why this new filing was in good faith without showing prior errors of prior courts against my prior filings, but then ruled solely on the basis of my prior filings and not on the basis of the good faith of this filing at all, refusing to follow the several point arguments I made based on a Chapter 11 analysis which the High Court has ruled is analogous to Chapter 13 and may be considered as precedent for Chapter 13;

(6) because the court disregarded my claims against new parties solely because the stay was not in effect to protect me, but failed to consider the stay continued to be in effect to protect estate property and my right of possession was an estate right subject to contempt proceedings just like a personal right;

(7) because the court failed to consider the good faith of my student loan discharge under Chapter 13 and ignored the evidence I submitted showing a prima facie case for hardship discharge;

(8) because the court applied res judicata to prior rulings of a bankruptcy court that were not based on substantial evidence nor any evidence at all, even after that prior judge ruled his findings were not prejudicial. S

DATED: April 4, 2026

Melvin Milivoj Marin, Jr.

SCANNED

APR 0 6 2026